UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| VINSCENT MINOR, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>) | Case No. 1:19CV183 |

# DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, United States of America ("United States"), by its attorneys, Thomas L. Kirsch II, United States Attorney for the Northern District of Indiana, through Deborah M. Leonard, Assistant United States Attorney, and Lauren Waxler, Assistant United States Attorney, for said District, moves to strike Plaintiff, Vinscent Minor's ("Plaintiff") Response to the United States' Motion for Summary Judgment (Dkt. Nos. 24-25) in its entirety, or alternatively, to strike portions of his response, as follows:

## BACKGROUND

This matter involves alleged medical malpractice arising out podiatric medical care provided by Dr. Bradley Hammersley at the Veterans Administration ("VA") more than two (2) years prior to the filing of Plaintiff's FTCA notice of tort claim. On April 20, 2020, the United States filed a Motion

1

for Summary Judgment and supporting memorandum arguing that Plaintiff's claim is barred because he failed to present his administrative claim to the VA within two years of the date of accrual of the claim as required by 28 U.S.C. § 2401(b). (Dkt. Nos. 21-22). The United States' memorandum in support of its motion for summary judgment included a list of facts identified as undisputed with citation to the record. (Dkt. No. 22). On May 6, 2020, Plaintiff filed his response brief to the United States' Motion for Summary Judgment. (Dkt. No. 24). Plaintiff's Response is organized into the following sections: 1. Introduction, 2. Genuine Issues As To Material Facts, 3. Plaintiff's Evidence In Response to Defendant's Motion, 4. Statement of Material Facts as to Plaintiff; 5. Statement of Material Facts as to VA and Tolling of Statute of Limitations; 6. Argument; and 7. Conclusion. (*Id.*). The section titled "Genuine Issues As To Material Facts" consists of four paragraphs and only cites to the record five times, and then cites only the Institutional Disclosure of Adverse Event ("Disclosure") issued by the VA and Plaintiff's administrative claim. (*Id.* at p. 3). Further, Plaintiff's Response does not include a section titled "Statement of Genuine Disputes" contesting the "Statement of Material Facts" set forth in the United States' Motion for Summary Judgment. (*Id.*).

## ARGUMENT

### I. Federal and Local Rule Framework

Federal Rule of Civil Procedure 56 provides the framework for filing and responding to motions for summary judgment. Specifically, Rule 56(c) provides:

> (1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>> . . . .
>
> (3) *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.

Additionally, Rule 56(e) provides remedies for when a party fails to comply with Rule 56(c) as follows:

> (e) *Failing to Properly Support or Address a Fact*. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
>> (1) give an opportunity to properly support or address the fact;
>> (2) consider the fact undisputed for purposes of the motion;
>> (3) grant summary judgment if the motion and supporting materials —including the facts considered undisputed — show that the movant is entitled to it; or
>> (4) issue any other appropriate order.

Finally, in the Northern District of Indiana, a motion for summary judgment "must include a section labeled 'Statement of Material Facts' that identifies the facts the moving party contends are not genuinely disputed." N.D. Ind. L.R. 56-1(a). The non-moving party must then file and serve a response brief and "any materials that the party contends raise a genuine dispute." N.D. Ind. L.R. 56-1(b)(1). The non-moving party's "response brief or its appendix must include a section labeled 'Statement of Genuine Disputes' that identifies the material facts the party contends are genuinely disputed so as to make a trial necessary." N.D. Ind. L.R. 56-1(b)(2). Plaintiff's Response contains no such section.

## II. Plaintiff's Response Should Be Stricken In Its Entirety For Failure to Comply With Rule 56(c) and N.D. Ind. L.R. 56-1.

When a motion does not conform to the federal or local rules it may be stricken at the district court's discretion. *Goltz v. University of Notre Dame Du Lac*, 177 F.R.D. 638, 640 (N.D. Ind. 1997) (*citing See McGann v. Northeast Ill. Reg. Commuter R.R.*, 8 F.3d 1174, 1178 n. 3 (7th Cir. 1993)); *see also* Fed. R. Civ. P. 12(f). In determining whether to strike a pleading for failure to follow a local rule, district court determinations are given considerable weight. *Id.* at 640 (striking defendant's filing because it was not provided for in the local rules). "[S]trict, consistent, 'bright-line' enforcement is essential to obtaining

4

compliance with the rule and to ensuring that long-run aggregate benefits in efficiency to inure to district courts." *Id.*

It is "critical" that the party responding to a motion for summary judgment comply with Local Rule 56-1 and respond to the moving party's statement of facts by raising specific factual disputes with citation to the record. *Anchor Health Sys., Inc. v. Radowski*, No. 2:16-cv-65, 2020 WL 1956439 (N.D. Ind. April 22, 2020). "[W]hen a non-movant fails to controvert a moving party's Statement of Material Facts with a properly supported Statement of Genuine Disputes, the movant's facts may be deemed admitted . . . We have consistently held that a failure to respond to the nonmovant as mandated by the local rules results in an admission." *Caldwell v. Klemz*, No. 2:14-CV-455, 2017 WL 4620693, at *3 (N.D. Ind. Oct. 12, 2017) (citing *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003)). Under well-established Seventh Circuit case law, a district court's decision to strike a response for failing to comply with federal and local summary judgment practice rules will generally be upheld. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) (citing *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 689 (7th Cir. 2000)).

Plaintiff's response to the United States' Motion for Summary Judgment must be stricken for failure to comply with Rule 56(c) and Local Rule 56-1(b). It does not contain a section entitled "Statement of Genuine Disputes," and

5

entirely fails to address the specific factual citations in the United States' Statement of Material Facts.

A "Statement of Genuine Disputes" is to identify for the Court those material facts which are in dispute and if accepted would as a matter of law defeat a motion for summary judgment. Instead of including such a section, Plaintiff submitted a section titled "Genuine Issues As To Material Facts" and a "Statement of Material Facts As to Plaintiff." (Dkt. No. 24, pp. 2-12). Assuming, *arguendo*, that the so-called "Genuine Issues As to Material Facts" or "Statement of Material Facts As To Plaintiff" could be construed as a "Statement of Genuine Disputes," these sections fall far short of complying with Local Rule 56-1(b) because they do not address the United States' Statement of Material Facts and fail to "identify the material facts that the party contends are genuinely disputed so as to make a trial necessary." N.D. Ind. L.R. 56-1(b). Both sections contain unsupported, conclusory statements. The Plaintiff's response is missing this "critical" section.

In addition to failing to support his statements and address the United States' Statement of Material Facts, Plaintiff's "Genuine Issues As to Material Facts" contains legal argument, contrary to the requirements of Rule 56(c) and N.D. Ind. L.R. 56-1. Notably, Plaintiff alleges in this section that "Defendant's assertion that Dr. Hammersley did not commit malpractice while expecting Plaintiff to know that he did creates an issue of fact." (Dkt. No. 24, p. 2). This

6

points to no facts or evidence of record. Plaintiff also asserts that "whether Plaintiff knew enough to tip him off that Dr. Hammersley may have caused his injury is a factual dispute." (*Id.*). However, this is for the Court to determine and Plaintiff has pointed to no *facts* that are in dispute as to what Plaintiff knew and when. Moreover, Plaintiff made the totally irrelevant argument that Veterans in related cases similarly lacked knowledge they had a claim, again with no citation to record. (*Id.*). Plaintiff then criticized the VA for its handling of Plaintiff's administrative claim. (*Id.*). While, again, irrelevant to the matter, he did not support this statement or identify a dispute with any fact raised by the United States. (*Id.*). Finally, he states that the VA "encouraged" him to file an administrative claim because it "believed he had just been made aware of the cause of his pain," which is again conclusory and unsupported. (*See id.*). Plaintiff did not identify one fact supported by the record that contested the United States' Statement of Facts. This section was entirely conclusory, argumentative, and unsupported, and did not comply with Rule 56(c) or N.D. Ind. L.R. 56-1 by identifying a factual dispute with citation to the record.

In an almost identical case, *Anchor Health Sys., Inc. v. Radowski*, No. 2:16-cv-65, 2020 WL 1956439 (N.D. Ind. April 22, 2020), the Court struck the plaintiff's response to defendant's motion for summary judgment in its entirety. *Id.* at *3. Here, the defendant moved for summary judgment and

included a numbered statement of facts, each supported by statements to the record. *Id*. at *2. The plaintiff's response did not include a section labeled "Statement of Genuine Disputes" that identified the material facts the plaintiff contended were genuinely disputed. *Id*. The plaintiff did, however, include a section entitled "Historical Background-Undisputed Facts," but that section was without citation to the record. *Id*. The plaintiff also included a section entitled "Statement of Facts Which Show There Is No Right to A Summary Judgment." *Id*. This section contained argument, conclusions, and was without adequate citation. *Id*. The court noted that "critically" the plaintiff failed to respond to the defendant's Statement of Material Facts. *Id*. In striking the plaintiff's response, the court stated that "[i]t was the Plaintiff's responsibility under Northern District of Indiana Local Rule 56-1(b)(2) to clearly identify any disputes of material fact." *Id*. (citing N.D. Ind. L.R. 56-1(b)(2)). Plaintiff's failure to comply with the rules and respond to the United States' Statement of Material Facts or otherwise identify the facts in dispute with citation to the record demands the same outcome.

Plaintiff's failure to comply with Rule 56(c) and Local Rule 56-1 has severely prejudiced the United States for its Reply by Plaintiff's failure to properly identify the facts in dispute, forcing the United States to guess as to which facts are allegedly disputed. *Anchor*, 2020 WL 1956439, at *3 (finding defendant was prejudiced in its reply where plaintiff failed to identify the

8

factual disputes). His failure also burdens the court to "wade through improper denies and legal argument in search of a genuinely disputed fact." *Id.* at *3. In the end, Plaintiff's Response is in contravention to the goal of Local Rule 56-1(b), which seeks to ensure "efficiency to inure to district courts." *Goltz*, 177 F.R.D. at 640. Local Rule 56-1(b) requires the non-moving party to specifically identify the material facts in dispute, and Plaintiff's "Genuine Issues As To Material Facts" and "Statement of Material Facts As To Plaintiff" fall woefully short of that requirement and should be stricken in its entirety.

### III. Alternatively, Plaintiff's Unsupported Allegations Should Be Stricken.

Alternatively, in the event that the Court does not strike the Response in its entirety, the United States moves for portions to be stricken. When considering to strike specific portions of a response, courts will strike statements of fact and declarations that are: "(1) conclusory allegations lacking supporting evidence; (2) legal argument; (3) self-serving statements without factual support in the record; (4) inferences or opinions not grounded in observation or other first-hand experience; and (5) mere speculation or conjecture." *Dennis v. Potter*, No. 1:08-cv-198, 2012 WL 8251513, *3 (N.D. Ind. Mar. 23, 2012) (striking assertions where plaintiff failed to support factual assertions with citations to the record) (citing *Heltzel v. Dutchmen Mfg., Inc.*, 3:06-cv-227, 2007 WL 4556735, *4 (N.D. Ind. Dec. 20, 2007)). The United States

9

submits that the following sections and statements should be stricken for failing to comply with the foregoing federal and local rules:

a. <u>The Response's "Genuine Issues As to Material Facts" Section.</u>

Plaintiff's "Genuine Issues As to Material Facts" consists of four paragraphs. As explained in more detail above, all but five sentences have no citation to the record and none of the sentences identify a disputed fact sufficient to deny the United States' motion. Rather, it predominately consists of legal argument. Accordingly, the entirety of the "Genuine Issues As To Material Facts" section should be stricken in its entirety.

b. <u>Statements That The First Time Plaintiff Was Apprised That His Pain Might Be A Result of Dr. Hammersley's Care And Not His Own Weakness Was March 2018.</u>

Plaintiff asserts throughout his response that the first time he was apprised his pain might be attributable to something other than his own weakness was March 2018, citing his Exhibit 4, p. 14(68), lines 2-18. These lines state:

> Q. And do you recall when that was? Was that March of 2018?
> A. I believe so.
> Q So you met with the VA in March of 2018; is that right?
> A. Yes, sir.
> Q. Why did you meet with them?
> A. I got a call from the VA, and they said they needed to talk to me. And I was like, first of all, what's it about before I go over there? So I went in there Dr. McBride was there, had television cameras and TV screens, and all that kind of stuff. He said, on behalf of United States Veterans Administration, I owe you an apology and shook my hand. I was like, what's going on? He said, sit down. We're going to tell you what's going on with you.

This testimony does not support that March 2018 was the first time that Plaintiff was apprised that his pain might be attributable to something other than his own weakness. Notably, Plaintiff has not presented evidence to dispute that on January 21, 2016, Dr. Hammersley told Plaintiff the screws were "not properly in there"; that on February 16, 2016, Plaintiff told Dr. Keyes his chief complaint was painful loosening of the screws in his foot and Dr. Keyes told Plaintiff the screws were "improperly done"; or that on April 16, 2016, Plaintiff told a VA Social Worker that he had surgery with Dr. Hammersley and found out he had screws coming out of his foot and no one wants to touch it. (Def.'s Ex. 1, pp. 20-24; Ex. 2, pp. 49:3-49:14; 50:14-17; 50:23-51:3). Thus, his assertion that March 18, 2018 was the first time he was apprised that something other than his own weakness caused his pain is conclusory, unsupported, and self-serving, and should be stricken.

   c. <u>Statements That Plaintiff Received Assurances From Dr. Hammersley After January 21, 2016, or "Despite Discovery of the Screw."</u>

Plaintiff alleges that "despite the discovery of the screw" and more than six months after his July 31, 2015 surgery he received assurances about his recovery from Dr. Hammersley. Plaintiff has failed to identify any factual support for these allegations. In fact, Plaintiff had surgery on July 31, 2015, and the screw was first discovered to be protruding from Plaintiff's heel at his January 21, 2016 visit (Dkt. No. 22, Ex. 1, p. 6). In support of his inaccurate

factual allegation, Plaintiff cites to a note from his physical therapist *dated before the screw was discovered*, on November 23, 2015, where it was noted that Plaintiff was told his persistent pain was *likely* part of the healing process and would improve over time. (Dkt. No. 24, p. 6, Dkt. No. 25, Ex. 1, p. 11). Plaintiff also points to his deposition testimony. (Dkt. No. 24, p. 6, Dkt. No. 25, Ex. 4, 60:3-9). However, Plaintiff conveniently omitted the preceding page of his deposition transcript which shows that the question was answered in reference to appointments Plaintiff had with Dr. Hammersley on August 10, August 27, September 10, October 13, and November 16, 2015, before the discovery of the screw on January 21, 2016. (Exhibit A, 59:22-60:6). He pointed to no other evidence. Thus, there is no support that Dr. Hammersley made any assurances after November 16, 2015.

For all of these reasons, there is no factual support for Plaintiff's assertions that "even on the day Dr. Hammersley discovered the screw protruding from Plaintiff's heel, he told the Plaintiff they were right where they needed to be" (Pl.'s Br. p. 16), that Dr. Hammersley told him he was right where he needed to be six months after surgery (*Id.* at p. 18), or that Dr. Hammersley made assurances "despite the discovery of the screw" (*Id.* at p. 6). Thus, these allegations are conclusory and lack factual support and must be stricken.

   d. <u>Statements That Plaintiff Internalized His Pain As Weakness After January 21, 2016.</u>

Throughout his brief Plaintiff states that he attributed his pain and failure to recover to his own weakness. (Dkt. No. 22, pp. 7-8, 18, 21, 24). In support Plaintiff cites Exhibit 4, p. 11 (62), line 21-p.13(64), line 5. Plaintiff did not state "weakness" a single time in this portion of his testimony. In response to a leading question on p. 64, lines 7-11, he did agree that he believed his failure to recover was because of his weakness and not his negligence "until the point I was told otherwise."

The record is undisputed that Plaintiff was told "otherwise" on January 21, 2016, when Dr. Hammersley told him that his pain was because of a protruding screw, and again on February 16, 2016, when Dr. Lindsey Keyes told him his pain was because Dr. Hammersley improperly inserted the screws. (Dkt. No. 22, Ex. 1, pp. 13, 23-24; Ex. 2, 49:3-51:3). The record is also unchallenged that Plaintiff identified the screw as the cause of his pain to Dr. Keyes and the VA Social Worker prior to July 23, 2016. (Dkt. No. 22, Ex 1, pp. 20-24).

Plaintiff has identified no evidence to contradict the evidence showing that he was told "otherwise" by Dr. Hammersley and Dr. Keyes on January 21, 2016 and February 16, 2016, respectively. Thus, his assertions that he continued to contribute his pain and failure to recover to his own weakness after he was informed that the screws were the cause on January 21, 2016 is unsupported and should be stricken.

e. <u>Statements Referencing That No Physician Affirmatively Expressed to Plaintiff That Dr. Hammersley's Surgery Was Improper.</u>

Plaintiff further alleges, without support, some version of the statement that no physician ever affirmatively expressed to Plaintiff that Dr. Hammersley's surgery was improper. (*See* Pl.'s Br. pp. 17-18). The United States submitted Plaintiff's testimony where he admitted that Dr. Keyes told him the screws were "improperly done." (Dkt. No. 22, Ex. 2, 49:3-49:14, 50:14-17, 50:23-51:3). Plaintiff has identified no evidence to controvert this. Thus, these statements are conclusory and unsupported and must be stricken.

f. <u>Statements That Despite Continuing Pain Plaintiff Went Forward With Scheduling Surgery on His Right Foot.</u>

Plaintiff also alleges that "despite continued pain in his left foot," he scheduled surgery with Dr. Hammersley for his right foot. (Dkt. No. 24, pp. 7, 16). Plaintiff has submitted no evidence that he schedule the surgery on his right foot "despite" continued pain. The record is uncontroverted that Plaintiff scheduled the surgery on his right foot on October 13, 2015. (*See* Dkt. No. 25, Ex. 1, p. 8). At that time Plaintiff had shown improvement in his physical therapy and reported that he was happy with the outcome of his surgery. (*See id.* at pp. 7-8). It was not until Plaintiff's January 21, 2016 appointment that he first reported increased pain over the last month (since approximately December 21, 2016) to Dr. Hammersley, and at this appointment the protruding screws were discovered. (Dkt. No. 22, Ex. 1, p. 10). Plaintiff

scheduled his surgery when he reported satisfaction with the surgery. (Dkt. No. 25, Ex. 1, p. 8). Thus, references to the allegation he scheduled surgery "despite" continued pain should be stricken.

    g. <u>References to the Claims and Views of Other Veterans.</u>

Plaintiff makes claims about the expectations and reactions of Veterans and the VA's handling of the claims of other Veterans regarding care they received from Dr. Hammersley. (Pl.'s Resp. Br. pp. 2-3, 21-22). Plaintiff did not cite to any evidence of the record to support these statements[1]. Thus, they too should be stricken.

    WHEREFORE, Defendant, United States of America, moves to strike Plaintiff's Response to the United States' Motion for Summary Judgment (Dkt. Nos. 24-25) in its entirety, or alternatively, to strike portions of his response as set forth above.

    Respectfully submitted,

    THOMAS L. KIRSCH II
    UNITED STATES ATTORNEY

    By: /s/ *Lauren Waxler*
    Lauren Waxler
    Assistant United States Attorney
    Northern District of Indiana
    5400 Federal Plaza, Suite 1500
    Hammond, IN 46320
    Telephone: (219) 937-5690

---

[1] Unlike Plaintiff, perhaps most of those Veterans had no reason to suspect an injury to their foot prior to the VA's disclosure to them. Indeed, at this point, the Defendant has only contested two cases on the basis of the statute of limitations.

Fax: (219) 937-5500
Email: lauren.waxler@usdoj.gov

By: /s/ *Deborah M. Leonard*
Deborah M. Leonard
Assistant United States Attorney
1300 South Harrison Street, Room 3128
Fort Wayne, IN 46802-3489
Telephone: (260) 422-2595
Facsimile: (260) 426-1616
E-mail: deborah.leonard@usdoj.gov