UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| VINSCENT MINOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:19-CV-183-HAB |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court are Defendant's Motion to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF. No. 26) and Plaintiff's Motion for Leave to File Amended Response to Defendant's Motion for Summary Judgment (ECF No. 30).

## DISCUSSION

This case is one of a slew of alleged medical malpractice cases before this Court against the Veterans Administration ("VA") arising out of podiatric care provided to veterans by Dr. Bradley Hammersley. Plaintiff Vinscent Minor is one of these veterans and, after being notified by the VA that his medical care may not have comported with the standard of care, Plaintiff filed this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, seeking damages for malpractice. (ECF No. 1.) In addition to the above motions, the Defendant has filed a motion for summary judgment (ECF No. 21) to which the Plaintiff responded (ECF No. 24) and the Defendant has replied (ECF No. 28). The current motions are directed at Plaintiff's response to that summary judgment motion with the Defendant asserting that the filing fails to comport with this Court's local rules and the Plaintiff seeking leave to file an amended brief to correct the deficiency. It is to these motions, the Court now turns its attention.

The Local Rules require parties to follow a specific procedure when filing and opposing a motion for summary judgment. Indeed, all litigants are charged with following the Local Rules lest they face the consequences of non-compliance. Northern District of Indiana L.R. 56-1 governs the procedures for filing and responding to summary judgment motions. For instance, N.D. Ind. L.R. 56-1(a) obligates the moving party to file a brief and/or appendix supporting a summary judgment motion containing a section labeled "Statement of Material Facts" that "identifies the facts that the moving party contends are not genuinely disputed." In turn, the opposing party must file "a response brief and any materials that the party contends raise a genuine dispute." N.D. Ind. L.R. 56-1(b)(1)(A)–(B). An opposing party also has an obligation to include in its brief or appendix a section labeled "Statement of Genuine Disputes" that "identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary." N.D. Ind. L.R. 56-1(b)(2).

The Court reads the summary judgment Local Rules in tandem with Fed.R.Civ.P. 56. In pertinent part, Federal Rule of Civil Procedure 56(c) requires as follows:

> **(1)** **Supporting Factual Positions**. A party asserting that a fact ... is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence ... of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
> ...
> **(3)** **Materials Not Cited**. The court need consider only the cited materials, but it may consider other materials in the record.

Fed. R. Civ. P. 56(c)(1), (3).

If a party fails to properly address another party's assertion of fact as required by Rule 56(c), the district court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). The Court may also "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). The enforcement of Federal Rule of Civil Procedure 56(e) is left to the sound discretion of the district court. *See Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1109–10 (7th Cir. 2014).

In its motion, the Defendant urges the Court to strike Plaintiff's entire opposition brief because a Statement of Genuine Disputes is a critical element of any response to a motion for summary judgment. Defendant goes on to note that while Plaintiff did submit a section titled "Genuine Issues as to Material Facts" and "Statement of Material Facts As to Plaintiff," these sections fall "far short" of complying with Local Rule 56-1(b) because "they do not address the United States' Statement of Material Facts and fail to 'identify the material facts that the party contends are genuinely disputed so as to make a trial necessary.'" (ECF No. 27 at 6.) !

Defendant's filing sparked Plaintiff's motion for leave to file his Statement of Genuine Disputes.  He is seeking leave because as Defendant pointed out, he failed to include one in his original response to the Defendant's motion. Even as amended, however, Plaintiff's "Statement of Genuine Disputes" merely includes two statements of the disputed legal issues in the case, but no specific facts that give rise to those disputes and no citation to any evidence. Considered without reference to the remainder of the brief, these two statements do not satisfy Local Rule 56-1(b)(2).

That said, this Court's review of the Plaintiff's response brief does not find it to be an egregious flouting or disregard of the spirit of this Court's Local Rules even if the brief is deficient in following them to the letter. The brief contains two sections titled "Statement of Material Facts"

3

setting forth individual paragraphs with record citations detailing factual matters upon which the Plaintiff relies in opposition to the Defendant's motion. This is not a case where either the Defendant or the Court are expected to act like pigs "hunting for truffles buried in briefs." *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991).

On summary judgment, the Court is faced with "one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial.... The parties, in turn, bear a concomitant burden to identify the evidence that will facilitate this assessment." *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 920 (7th Cir.1994). Thus, the Seventh Circuit has held that district courts are "well within" their discretion to strictly enforce the Local Rules. *See Stevo v. Frasor,* 662 F.3d 880, 886–87 (7th Cir. 2011) (citing *Ammons v. Aramark Unif. Servs., Inc.,* 368 F.3d 809, 817 (7th Cir. 2004))!

The Court declines to do so here. "Local rules, like the Federal Rules of Civil Procedure that they supplement, should be construed to provide for the 'just, speedy, and inexpensive determination of every action' on its merits." *Stevo,* 662 F.3d at 887 (quoting Fed.R.Civ.P. 1). Plaintiff's response brief makes clear his version of the facts, and to the extend those are in dispute with the Defendant's factual recitation and supported in the record, the Court must construe the facts in his favor as the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). The legal dispute here is straightforward; this Court has already resolved the identical legal dispute in *Mechem v. United States*, 1:19-CV-0095-HAB-SLC, 2020 WL 2128707 (May 5, 2020) and the Court can readily discern the significance of the facts to the underlying legal issues.  Nonetheless, Defendant asserts that it is "severely prejudiced" by the Plaintiff's omission of a Statement of Genuine Disputes. Oddly, the Defendant filed a timely reply brief despite suffering "severe prejudice" and did not seek to extend its reply time citing to difficulty identifying the facts in

4

dispute. And, as this Court noted above, the Plaintiff's brief sets forth a factual record from which the Court can discern the disputed facts and apply them to the legal framework here.  Accordingly, the Court shall GRANT the Plaintiff's Motion to Amend his response brief (ECF No. 30). Moreover, because, as noted herein the amended response brief contains nothing more than two statements of the disputed legal issues in the case, the Court does not find it necessary to permit Defendant additional time to supplement its reply.  The Motion to Strike the Plaintiff's Opposition Brief (ECF. No. 26) is therefore, DENIED.

But, there's more. Defendant's motion, although captioned "Defendant's Motion to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment," contained an alternative motion disputing the admissibility of certain evidence cited by the Plaintiff in his brief. While Defendant chastised the Plaintiff's failure to strictly comply with the Local Rules, the Court notes that N.D.Ind.L.R. 56-1(e) requires all disputes regarding the admissibility of evidence to be "addressed in a separate motion in accordance with L.R. 7-1."  Local Rule 7-1 goes on to advise that motions must be filed separately, "but alternative motions may be filed in a single paper *if each is named in the title following the caption.*"  N.D.Ind. L.R. 7.1 (emphasis added.)  Here, there is no mention of this alternative motion or request to strike specific evidence in the title following the caption nor is there any mention of that type of relief being sought *anywhere* in ECF No. 26. For this reason, if Defendant would like consideration of the issues it raises in that alternative motion,[1] it must refile its Fed.R.Civ.P. 56-1(e) motion within ten (10) days in compliance with N.D.Ind. L.R. 7.1. Once refiled, the motion shall brief in accordance with the local rules.

## **CONCLUSION**

---

[1] The Court is fully aware of its summary judgment obligations and can distinguish which exhibits, affidavits, and statements may properly be considered when deciding whether summary judgment is appropriate. However, if the Defendant refiles its Motion to Strike, the Court will consider the objections and responses thereto only to the extent they arise in the Court's summary judgment analysis.

5

Based on the foregoing, Defendant's Motion to Strike (ECF No. 26) is DENIED. Plaintiff's Motion to Amend (ECF No. 30) is GRANTED. Plaintiff is directed to refile his Amended Response Brief forthwith as a separate docket entry in accordance with this Opinion and Order. If Defendant chooses to do so. It shall have ten (10) days to refile its Fed.R.Civ.P. 56(e) motion in accordance with N.D.Ind. L.R. 7.1. Briefing shall commence upon the filing of that motion in accordance with the local rules.

So Ordered, June 4, 2020.

s/ *Holly A. Brady*  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT